**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHELLE HORNER, as beneficiary of the Estate of Gary Horner; MICHELLE HORNER, as personal representative of the Estate of Gary Horner,<br><br>                Petitioners,<br><br>   v.<br><br>CASCADE GENERAL; VIGOR INDUSTRIAL, LLC; AMERICAN HOME ASSURANCE INSURANCE; CHARTIS CLAIMS, INC.; SIGNAL MUTUAL INDEMNITY ASSOCIATION; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM,<br><br>                Respondents. | No.    14-73251<br><br>BRB No. 2013-0555<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted June 8, 2017
Portland, Oregon

Before:  TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Petitioner Michelle Horner (Horner), as the personal representative of the estate of Gary Horner (Gary),[1] petitions for review of the opinion of the Benefits Review Board (Board) affirming the decision of an administrative law judge (ALJ) setting compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA) based on aggravation of Gary's knee condition due to work-related activities. Horner contends that an earlier injury onset date applied based on complications stemming from Gary's femur fracture and rod implant that ultimately worsened his knee condition. According to Horner, the ALJ failed to properly weigh medical evidence reflecting that Gary's knee condition was aggravated at an earlier date due to his femur fracture.

Substantial evidence supports the injury onset date determination made by the ALJ and affirmed by the Board based on aggravation of Gary's knee condition when he returned to his work activities. *See Gen. Constr. Co. v. Castro*, 401 F.3d 963, 965 (9th Cir. 2005) ("Under the LHWCA, we review [the Board's] decisions for errors of law and for adherence to the substantial evidence standard. The [Board] must accept the ALJ's factual findings if they are supported by substantial evidence. . . .") (citations and internal quotation marks omitted). The ALJ

---

[1] Petitioners have not challenged our prior order substituting Gary's daughter as the personal representative of his estate.

sufficiently weighed the respective medical opinions of Dr. Jon C. Vessely and Dr. Robert Wells in determining that Gary's "increase in knee pain was nine months after the femur fracture but only six weeks after resuming full duty at work" and "[t]he change that coincided in time with the increased pain was [Gary's] return to full-duty work, not the femur fracture and repair." Additionally, the ALJ accurately observed that "Dr. Vessely declined to opine on whether [Gary's] work activities after April 2008 aggravated the pathology of [Gary's] right knee because he felt necessary testing was not done." In sum, the ALJ considered the medical evidence relevant to Gary's knee condition and his determination was supported by substantial evidence. *See id.*

**PETITION DENIED.**